**BILLY J. WILLIAMS, OSB #901366**
United States Attorney
District of Oregon
**AMY E. POTTER**
amy.potter@usdoj.gov
Assistant United States Attorney
405 E. 8th Street, Suite 2400
Eugene, Oregon 97401-2708
Telephone: (541) 465-6771
Attorneys for the United States

## UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

## EUGENE DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | 6:19-cv-00439-MA |
| **Plaintiff,** | |
| | **COMPLAINT** |
| **v.** | |
| **$23,760.00 US Currency,** *in rem*, | |
| **Defendant.** | |

Plaintiff, United States of America, by Billy J. Williams, United States Attorney for the

District of Oregon, and Amy E. Potter, Assistant United States Attorney, for its complaint *in rem*

for forfeiture, alleges:

I.

This Court has subject matter jurisdiction, *in rem* jurisdiction, and venue pursuant to

21 U.S.C. § 881; 28 U.S.C. §§ 1345, 1355, 1356, and 1395; and 19 U.S.C. § 1610.

**Complaint *in rem* for Forfeiture**                                                                **Page 1**

II.

Defendant, *in rem*, $23,760.00 US Currency, was seized in the District of Oregon, and is now and during the pendency of this action will be within the jurisdiction of this Court.

III.

Defendant, *in rem*, $23,760.00 US Currency, represents proceeds traceable to an exchange for controlled substances or was used or intended to be used to facilitate such a transaction in violation of 21 U.S.C. § 841(a)(1), and is forfeitable to the United States pursuant to the provisions of 21 U.S.C. § 881(a)(6), as more particularly set forth in the declaration of Sean Cummings, Special Agent, Drug Enforcement Administration, marked as Exhibit A, attached and fully incorporated herein by this reference.

WHEREFORE, plaintiff, United States of America, prays that due process issue to enforce the forfeiture of defendant, *in rem*, $23,760.00 US Currency; that due notice be given to all interested persons to appear and show cause why forfeiture of this defendant, *in rem*, should not be decreed; that due proceedings be had thereon; that this defendant be forfeited to the United States; that the plaintiff United States of America be awarded its costs and disbursements incurred in this action.

DATED: **March 26, 2019.**                    Respectfully submitted,

BILLY J. WILLIAMS
United States Attorney

*s/ Amy E. Potter*
**AMY E. POTTER**
Assistant United States Attorney

**Complaint *in rem* for Forfeiture**                                          **Page 2**

**VERIFICATION**

I, Sean Cummings, declare under penalty of perjury, pursuant to the provisions of

28 U.S.C. Section 1746, that I am a Special Agent with the Drug Enforcement Administration

and that the foregoing Complaint *in rem* for Forfeiture is made on the basis of information

officially furnished and upon the basis of such information the Complaint *in rem* for Forfeiture is

true as I verily believe.

*s/ Sean Cummings*
**SEAN CUMMINGS**
Special Agent
Drug Enforcement Administration

## DECLARATION of SEAN CUMMINGS

I, SEAN CUMMINGS, do hereby declare:

### BACKGROUND/EXPERIENCE

1.  I am a Special Agent with the Drug Enforcement Administration (DEA). I have been employed in the field of law enforcement since 1992 and have worked as a Dispatcher, Police Services Officer, Reserve and Police Officer for the City of Eureka Police Department in Eureka, California. I was later promoted to Detective and, while employed there, assigned to the Bureau of Narcotics Enforcement Task Force with primary responsibility to investigate controlled substance offenses. I have been employed as a DEA Special Agent since July 1999.

2.  I completed the 17-week DEA Basic Agent Training program in Quantico, VA. The training focused on methods of unlawful drug trafficking; the identification of controlled substances; the means by which drug traffickers derive, launder, and conceal their profits from drug trafficking; the use of assets to facilitate unlawful drug trafficking activities; and the law permitting the forfeiture to the United States of assets purchased with drug proceeds or assets intended to be used to facilitate the drug violations. My specialized training has included, but is not limited to, the investigation of the manufacture, possession, and distribution of controlled substance listed within the Controlled Substance Act; executing search and arrest warrants involving drug offenses; gathering drug and non-drug evidence; participating in undercover assignments; supervising and utilizing informants; investigating clandestine laboratories, smuggling, and money laundering; and monitoring drug-related conversations via Court authorized electronic eavesdropping.

3.  During my employment as a DEA Special Agent, I have participated in investigations involving all of the above knowledge and skills. Through the course of my employment, I also

**Declaration of Sean Cummings**                                    **Exhibit A Page 1**

know that controlled substance traffickers often use another person's vehicles or register their vehicles in another party's name to hide assets and their identity from law enforcement. I know from my training and experience that controlled substance traffickers and their criminal associates use cash to hide illicit income from law enforcement and avoid paying taxes on that illicit income.

## PURPOSE OF THIS DECLARATION

4.  This declaration establishes that there is probable cause to believe that $23,760.00 in U.S. Currency which was seized by the Springfield Police Department (SPD) is subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6) as it constitutes or was derived from proceeds traceable to violations of 21 U.S.C. § 841(a)(1). This declaration does not include all of the facts known to me regarding this investigation, only those sufficient to establish probable cause to seize the above referenced assets.

## SUMMARY OF THE INVESTIGATION

5.  On Tuesday, August 7, 2018 at approximately 4:30 pm, SPD received a report from Maria Cortez that someone stole a blue Ford Mustang from the King's Court Apartment complex in Springfield, OR belonging to her friend, Angel Armas-Vasquez. SPD was dispatched to the area and located the vehicle within minutes. There was only one person in the vehicle: the driver James Caudy. SPD arrested Caudy. While conducting a search incident to arrest of Caudy, SPD located a large bag of methamphetamine in his front pocket along with a digital scale. SPD asked for consent to search the car, and Caudy said yes. In the car, SPD recovered a short-barreled rifle in a bag in the front passenger seat and three magazines, two of which were loaded. SPD found $23,760.00 tightly packaged in zippered baggies and another rifle in the trunk.

**Declaration of Sean Cummings**                                      **Exhibit A Page 2**

6.  Caudy was interviewed and stated that he was friends with Leah Marshall who lived in an apartment at King's Court. Caudy said that Marshall told him she was afraid because Armas-Vasquez and his girlfriend Cortez had been staying at her apartment and she thought they had ties to a drug cartel. Caudy said that Marshall had asked him for help getting away from the apartment. She asked him to take her car, which she identified as the blue Mustang, and get it away from the other people at the apartment. On August 7, he came over to the apartment and Marshall made up a story about needing to leave for court and left on her motorcycle. Caudy then waited for the right moment, when Armas-Vasquez was in the shower, to take the keys to the Mustang, which were in Armas-Vasquez's hat. As he was leaving, Caudy grabbed Armas-Vasquez's rifle, the ammunition, and the methamphetamine. He put the methamphetamine in his pocket and the other items in the car. He was supposed to meet Marshall, but was stopped by the police shortly after he left. SPD asked Caudy about the rifle and the cash in the trunk, and he said he knew nothing about it and had never looked in the trunk. Caudy was ultimately arrested on state charges. He had a prior conviction for possession of methamphetamine.

7.  Officer Eric Sorby with Springfield Police deployed his K-9 Danner on the seized currency. K-9 Danner had a positive alert to controlled substances on the currency. K-9 Danner is a certified drug detection dog trained to detect three drugs: methamphetamine, cocaine and heroin.

8.  Marshall was interviewed briefly over the phone. She said that Caudy was supposed to take her Chevy Avalanche truck, not Armas-Vasquez's Mustang. She initially denied having any property in the Mustang, but when SPD asked her if it was possible that someone took a large sum of money from her apartment, she said she did have approximately $17,000.00 in Ziploc bags under her mattress.

**Declaration of Sean Cummings**                                    **Exhibit A Page 3**

9.  While the traffic stop was being conducted, SPD officers went to the apartment to speak with Armas-Vasquez. He was at Marshall's apartment with his girlfriend, Mariah Cortez. He confirmed that Caudy did not have permission to take the vehicle and that the firearms and money found in the vehicle belonged to him. SPD told Armas-Vasquez that they located his car and subsequently left the apartment.

10. A short time later, SPD determined that Armas-Vasquez was the subject of a no-contact order prohibiting him from having contact with Cortez. SPD returned to the apartment and asked Armas-Vasquez more questions about the stolen vehicle. Armas-Vasquez explained that he and Cortez had moved up here from Tempe, AZ and had only been in the area for a few weeks. They had been couch-surfing until they met Marshall, who let them stay at the apartment. He explained that Caudy had been hanging out at the apartment and while Armas-Vasquez was taking a shower, Caudy stole his guns, his money, and his car. The SPD officer asked him specifically about how he purchased the firearms and whether the short-barreled shotgun was his. Armas-Vasquez said the lower parts of the gun were his but the short barrel was not. He stated that he had no idea how it got attached to the rifle. He admitted acquiring the guns within the last two weeks in Oregon. He said they were a gift, but he could not or would not say who had given them to him. He admitted he had not done a firearms transfer as required. When asked about the money, Armas-Vasquez said it was his and Cortez's savings and money he had acquired from selling personal property. He said he previously worked as a "day trader." Armas-Vasquez was taken into custody for violating the protection order and transported to the Lane County Jail.

11. The DEA adopted the $23,760.00 for administrative forfeiture. Notices were sent to Caudy, Marshall, Cortez, and Armas-Vasquez. Only Armas-Vasquez filed a claim for the currency. In the claim, he stated that he sold a white vintage guitar for $24,000.00 in cash on

**Declaration of Sean Cummings**                                              **Exhibit A Page 4**

Saturday, August 4, 2018, and he was unable to deposit it that day because it was Saturday. He

said the money was placed in plastic bags to prevent physical damage and he was storing it in the

trunk of his Mustang until it could be deposited. He spent $240 over the following three days on

lavish dinners and gas. On Tuesday, August 7, 2018, his vehicle was stolen by Caudy along with

the remaining currency. He provided no explanation as to why he did not deposit the currency on

Monday or Tuesday prior to the vehicle being stolen. Attempts to contact Armas-Vasquez to

discuss his claim have been unsuccessful.

## CONCLUSION

12.  Based on the foregoing and my training and investigative experience, I have probable

cause to believe that the $23,760.00 in U.S. Currency is subject to forfeiture pursuant to

21 U.S.C. § 881(a)(6), as it constitutes or was derived from proceeds traceable to a specified

unlawful activity, possession and distribution of controlled substances, a violation of 21 U.S.C. §

841(a)(1).

I declare under penalty of perjury that the foregoing is true and correct pursuant to

28 U.S.C. §1746.


Executed this 26th day of March 2019.

Sean Cummings
Special Agent
Drug Enforcement Administration

✐ JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a)  PLAINTIFFS

## DEFENDANTS

**(b)**  County of Residence of First Listed Plaintiff _____
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant _____
(IN U.S. PLAINTIFF CASES ONLY)

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
LAND INVOLVED.

**(c)**  Attorney's (Firm Name, Address, and Telephone Number)

Attorneys (If Known)

## II.  BASIS OF JURISDICTION   (Place an "X" in One Box Only)

☐ 1   U.S. Government
        Plaintiff

☐ 3   Federal Question
        (U.S. Government Not a Party)

☐ 2   U.S. Government
        Defendant

☐ 4   Diversity
        (Indicate Citizenship of Parties in Item III)

## III.  CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff
(For Diversity Cases Only)                            and One Box for Defendant)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV.  NATURE OF SUIT   (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 190 Other Contract | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |

## V.  ORIGIN   (Place an "X" in One Box Only)

☐ 1  Original
        Proceeding

☐ 2  Removed from
        State Court

☐ 3  Remanded from
        Appellate Court

☐ 4  Reinstated or
        Reopened

☐ 5  Transferred from
        another district
        (specify)

☐ 6  Multidistrict
        Litigation

☐ 7  Appeal to District
        Judge from
        Magistrate
        Judgment

## VI.  CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing  (Do not cite jurisdictional statutes unless diversity):

Brief description of cause:

## VII.  REQUESTED IN
           COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION**
    UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:

**JURY DEMAND:**    ☐ Yes   ☐ No

## VIII.  RELATED CASE(S)
              IF ANY

(See instructions):

JUDGE

DOCKET NUMBER

DATE

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____